UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 19 C 2700 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| HOTEL GRAND SHERATON, | ) | |
| | ) | |
| Defendant. | ) | |

**M**EMORANDUM **O**PINION AND **O**RDER

In this suit against his employer, Hotel Grand Sheraton, Jose Lopez alleges violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.*, and 42 U.S.C. § 1981. Doc. 11. Sheraton moves to dismiss the complaint under Civil Rule 12(b)(6). Doc. 17. The motion is granted as to the ADEA and Title VII claims and denied as to the § 1981 claim.

**Background**

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, but not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Lopez's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Lopez as those materials permit. *See Domanus v. Locke Lord, LLP*, 847 F.3d 469, 478-79 (7th Cir. 2017). In

1

setting forth the facts at this stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

Lopez works as a banquet server at Sheraton. Doc. 11 at 2, 9. On November 8, 2018, he filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id*. at 9. The charge alleged that Lopez suffered discrimination based on his Hispanic national origin and age in that Sheraton did not provide him with access to a scheduling application that would have allowed him to obtain work assignments. *Ibid*.

On November 29, 2018, the EEOC issued Lopez a right-to-sue letter, which he received that day. *Id*. at 3, 8. The letter explained that if Lopez chose to bring a lawsuit, it "**must be filed WITHIN 90 DAYS of your receipt of this notice**." *Id*. at 8. Lopez filed this suit on April 22, 2019, Doc. 1, more than 140 days after he received his right-to-sue letter.

## Discussion

Sheraton contends that Lopez's claims should be dismissed on statute of limitations grounds. Doc. 17 at 3-5. A plaintiff must file a Title VII or ADEA claim within ninety days of receiving a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *see also Lee v. Cook Cnty.*, 635 F.3d 969, 971 (7th Cir. 2011) (Title VII); *Grzanecki v. Bravo Cucina Italiana*, 408 F. App'x 993, 995 (7th Cir. 2011) (ADEA); *Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999) (Title VII and ADEA). As noted, Lopez received his right-to-sue letter on November 29, 2018, and did not file this suit until April 22, 2019, more than 140 days later. His Title VII and ADEA claims accordingly are dismissed on limitations grounds, and because repleading cannot save those claims, the dismissal is with prejudice. *See Conover v. Lein*, 87 F.3d 905, 908 (7th Cir. 1996) (noting that untimely claims should be dismissed with prejudice).

2

In so holding, the court acknowledges that "[d]ismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (internal quotation marks omitted). That said, "dismissal under Rule 12(b)(6) … is appropriate if the complaint contains everything necessary to establish that the claim is untimely." *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018) (internal quotation marks omitted). Thus, to warrant dismissal on limitations grounds, "the plaintiff must affirmatively plead himself out of court; the complaint must plainly reveal that the action is untimely." *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014) (alterations and internal quotation marks omitted); *see also Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) ("[B]ecause affirmative defenses frequently turn on facts not before the court at the pleading stage, dismissal is appropriate *only* when the factual allegations in the complaint unambiguously establish all the elements of the defense.") (alteration, citations, and internal quotation marks omitted). Here, Lopez has "pleaded himself out of court by pleading facts that showed he did not file his complaint within 90 days of … the date he reported receiving notice of the EEOC's decision." *Avila v. Ill. Dep't of Human Servs.*, 678 F. App'x 433, 434 (7th Cir. 2017).

Lopez's explanation that he "did not notice the 90 days deadline," Doc. 23 at 1, does not save his Title VII and ADEA claims. As the Seventh Circuit has held, "reasonable mistakes of law are not a basis for equitable tolling" of a limitations period, even if the plaintiff is *pro se*. *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004); *see also Lombardo v. United States*, 860 F.3d 547, 553 (7th Cir. 2017) ("Equitable tolling is granted sparingly, where extraordinary circumstances beyond the litigant's control prevented timely filing; a mistaken understanding

3

about the deadline for filing is not grounds for equitable tolling.") (internal quotation marks omitted); *Schmidt v. Wis. Div. of Vocational Rehab.*, 502 F. App'x 612, 614 (7th Cir. 2013) ("[A]lthough Schmidt did not have legal representation, mistakes of law (even by plaintiffs proceeding pro se) generally do not excuse compliance with deadlines or warrant tolling a statute of limitations.").

Lopez's § 1981 claim is not subject to an exhaustion requirement and thus is not subject to the ninety-day statute of limitations governing his Title VII and ADEA claims. *See Gray-Brock v. Ill. Am. Water Co.*, 609 F. App'x 867, 870 (7th Cir. 2015); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 732 (7th Cir. 2004). Sheraton provides no other basis for dismissing the § 1981 claim, which accordingly may proceed.

**Conclusion**

Sheraton's motion to dismiss is granted in part and denied in part. Lopez's Title VII and ADEA claims are dismissed with prejudice. Sheraton shall answer the surviving portions of the complaint by October 21, 2019.

October 7, 2019

_____
United States District Judge